UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| HUY LUONG, a/k/a PETER LUONG, | ) ) ) | CIV. 10-5069-JLV |
| Plaintiff, | ) ) ) | ORDER FOR DEFAULT JUDGMENT |
| vs. | ) ) | |
| CHINA GARDEN and PETER WAI, | ) ) ) | |
| Defendants. | ) | |

Plaintiff filed a complaint in this action on August 25, 2010. (Docket 1). On May 19, 2011, the court entered a Notice of Rule 4(m). (Docket 7). See Fed. R. Civ. P. 4(m). On June 17, 2011, the court entered an order extending the deadline for service on defendants.[1] (Docket 10). That order required plaintiff to "make proper service of the summons and complaint on defendant[] and file with the Clerk of Court verification of service on or before Thursday, September 15, 2011." Id. On October 17, 2011, plaintiff filed a proof of service of summons and complaint. (Docket 11). The court finds the proof of service to be in substantial compliance with the court's order of June 17, 2011.

On February 27, 2012, plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Docket 12). With the motion, plaintiff filed

---

[1] Plaintiff acknowledges there is only one defendant in this action, Peter Wai, d/b/a China Garden. (Docket 13 ¶ 3). All references will be to the "defendant."

affidavits of plaintiff and counsel in support of default pursuant to Fed. R. Civ. P. 55(a). (Dockets 13 & 14).

Pursuant to Fed. R. Civ. P. 12, defendant's answer to the complaint was to have been filed "within 21 days after being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a)(1)(A)(i). As of the date of this order, defendant has not filed an answer or requested leave of the court for an extension of time to file an answer. The court finds defendant in default and plaintiff is entitled to entry of default. Fed. R. Civ. P. 55(a).

The court concludes plaintiff is also entitled to a default judgment pursuant to Rule 55(b)(2). The court finds it is not necessary to conduct a hearing pursuant to Rule 55(b)(2) because plaintiff's affidavit appropriately supports plaintiff's right to recover a money judgment. Fed. R. Civ. P. 55(b)(2).

Plaintiff's wage claim against defendant was investigated by the United States Department of Labor, Wage and Hour Division. (Docket 13 ¶¶ 6 & 7). The Wage and Hour Division determined defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and SDCL § 60-11-7 and owed plaintiff $14,476.64 for violations of federal and state law. Id. at ¶ 7. Defendant failed to pay the amount due. Id.

> South Dakota law provides for an assessment of double damages:
>
> In any action for the breach of an obligation to pay wages, if a private employer has been oppressive, fraudulent, or malicious, in the employer's refusal to pay wages due to the employee, the measure of

    damages is double the amount of wages for which the employer is liable.

SDCL § 60-11-7.  Plaintiff's affidavit indicates he was paid between $1.67 and $3.21, per hour while employed at the China Garden from November 2007 to March 2010.  (Docket 13 ¶ 4).  During this employment, plaintiff often was required to work six 12-hour days without regular minimum wage and without time-and-a-half overtime.  Id.   After plaintiff complained to the United States Department of Labor regarding the wage and overtime issue, defendant terminated plaintiff's employment in retaliation.[2]  (Docket 13 ¶ 6).  The court finds defendant's refusal to pay minimum wages,[3] his refusal to pay time-and-a-half for overtime above 40 hours per week,[4] and then terminating plaintiff because of the wage complaint to be oppressive and malicious conduct as contemplated by 29 U.S.C. § 215(a)(3) and SDCL § 60-11-7.

    Federal law permits an employee to recover "unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional

---

    [2]It is unlawful for any employer to engage in any threatened reprisal or termination of an employee who files a wage complaint.  See  29 U.S.C. § 215(a)(3) & SDCL § 60-11-17.1.

    [3]See SDCL § 60-11-3 & 2007 South Dakota Session Laws Chapter 297 which set the South Dakota minimum wage as of July 1, 2007, at $5.85 per hour.  See also SDCL § 60-11-4 which invalidates any agreement between an employer and employee to work for less than the minimum wage contemplated by SDCL § 60-11-3.

    [4]29 U.S.C. § 207(a)(1).

equal amount as liquidated damages." 29 U.S.C. § 216(b). The law also allows an employee whose employer violated § 215(a)(3) to recover "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). In addition to any award for damages, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id.

Plaintiff submits affidavits of attorneys David Claggett and Sara Frankenstein for which he seeks an award of attorneys' fees and costs against defendant. (Dockets 14 & 15). Both attorneys submitted detailed billing statements reflecting their work on behalf of plaintiff. (Dockets 14-1 & 15 at pp. 6-11). Ms. Frankenstein started working with plaintiff after the United States Department of Labor investigation began. (Docket 15 at p. 6 [8/23/10]). She continued to represent plaintiff until Mr. Luong retained Mr. Claggett to complete the lawsuit. (Docket 14-1 at p. 1).

The court must decide the reasonable hourly rate which should be applied to any fee award. Hensely v. Eckerhart, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.' "). This starting point is useful, because "[t]his calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id.

Plaintiff's submissions properly request different hourly rates to reflect the various levels of legal experience of the attorneys and paralegals involved in this litigation. (Docket 14-1 & 15 ¶¶ 8, 13, 17 & 20). The court finds plaintiff

4

has "produce[d] satisfactory evidence . . . that [counsels'] requested rates are in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984).  The court finds the hourly rates for each attorney as set forth in the billing statements to be appropriate for their professional services and for use in this analysis.

The next step is to multiply that reasonable hourly rate by "the number of hours reasonably expended on the litigation . . . ." Hensley, 461 U.S. at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Id.  If "the documentation of hours is inadequate, the district court may reduce the award accordingly." Id.  The billing statements submitted by plaintiff's attorneys provide date certain and detailed descriptions of all services provided.

In conducting a review of the attorneys' detailed billing statements, the court completed a thorough evaluation of the entries and the activities described.  Addressing Ms. Frankenstein's billing statements, the court finds Ms. Frankenstein's work on August 23, 2010, for four hours research of the federal and state wage and hour laws to be more than an attorney with her expertise and experience should require.  The court concludes the hours billed for that day should be reduced from 7.5 hours to 4.0 hours.  On September 9, 2010, plaintiff was billed for .3 hours for "review of Summonses . . . and invoice

5

from Butte County Sheriff's Office." (Docket 15 at p. 7). The court concludes this billing should be reduced from .3 hour to .1 hour. On December 21, 2010, Ms. Frankenstein's billing statement reflects she reviewed Rule 4 of the Federal Rules of Civil Procedure for .3 hour. Id. It should take only a minute or two for an attorney with Ms. Frankenstein's experience to review Rule 4 and arrive at a conclusion concerning its applicability to this case. The court concludes the time billed for that day should be reduced from 2.5 hours to 2.2 hours.

     Ms. Frankenstein seeks reimbursement for the time of a legal intern. (Docket 15 ¶ 12). While work of this nature is certainly within the realm of professional training for a summer legal intern, the court is not inclined to assess costs against a defendant for those services. The court concludes the intern's billings for June 27, 2010, and June 29, 2010, totaling 3.6 hours should be deducted.

     Finally, Ms. Frankenstein seeks reimbursement for time spent by Attorney Shiloh MacNally to research comparable fees awarded by the court in other cases. (Docket 15 at p. 8). Ms. MacNally has appeared before this court in employment and wage and hour litigation on numerous occasions. It should not take Ms. MacNally 2.8 hours to complete the research necessary to cite only three cases for fee comparison. Id. at p. 8 ¶¶ 10 & 11. The court concludes the time billed should be reduced from 2.9 hours to 1.0 hour.

In summary, Ms. Frankenstein's fees and costs will be adjusted in the following manner:

| | | |
|---|---|---|
| Ms. Frankenstein | 34.50 hours | |
| | <u>- 4.00 hours</u> | |
| | 30.50 hours @ $200 | = $6,100.00 |
| | | |
| Ms. Hovland | 0.30 hours @ $80 | =     24.00 |
| | | |
| Ms. MacNally | 3.10 hours | |
| | <u>-1.90 hours</u> | |
| | 1.20 hours @ $185 | = <u>   222.00</u> |
| | | |
| | Total Fees | $6,346.00 |
| | 6% SD Sales Tax | 380.76 |
| | Filing Fee | 350.00 |
| | Costs | 130.69 |
| | 6% SD Sales Tax on Costs | <u>    7.84</u> |
| | | |
| | Total | $7,215.29 |

Mr. Claggett charges $200 per hour. (Docket 14 ¶ 3). The first entry in his billing statement for June 9, 2011, reflects a one hour "opening balance" at the rate of $220.80 with no further explanation. (Docket 14-1 at p. 1). The court finds there is insufficient explanation to permit assessing this amount against defendant. On June 16, 2011, Mr. Claggett's paralegal spent .3 hours preparing a letter to "Client re: Personal Injury." <u>Id.</u> The court finds there is insufficient relationship between a "wage and hour claim" and a "personal injury" to permit assessing this amount against defendant. Finally, there appears to be a double billing on August 11, 2011, and August 24, 2011, for the prepaid fees of $129 to a San Francisco process server. <u>Id.</u> Deducting

7

these three items from Mr. Claggett's billing statement, the court adjusts Mr. Claggett's fees and costs in the following manner:

| | |
|---|---:|
| Attorney's fees | $1,120.00 |
| Paralegal fees | 60.00 |
| Total Fees | $1,180.00 |
| 6% SD Sales Tax | 70.80 |
| Costs | 132.60 |
| 6% SD Sales Tax on Costs | 7.95 |
| Total Fees & Costs | $1,391.35 |

The court finds plaintiff is entitled to compensatory damages against defendant for unpaid wages of $14,476.64 for defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and SDCL § 60-11-7; for liquidated damages of $14,476.64 pursuant to 29 U.S.C. §§ 215(a)(3) & 216(b) and SDCL § 60-11-7; and for Ms. Frankenstein's attorney's fees and costs of $7,215.29 and Mr. Claggett's attorney's fees and costs of $1,391.35 pursuant to 29 U.S.C. § 216(b).

Plaintiff is not entitled to recover prejudgment interest. "It is settled that the FLSA does not permit successful plaintiffs to obtain prejudgment interest in addition to liquidated damages because that would enable them to obtain double recovery." Gibson v. Mohawk Rubber Co., 695 F.2d 1093, 1102 (8th Cir. 1982). "Allowance of interest on minimum wages and liquidated damages recoverable under [29 U.S.C. § 216(b)] tends to produce the undesirable result of allowing interest on interest. . . . Congress by enumerating the sums recoverable in an action under [29 U.S.C. § 216(b)] meant to preclude recovery of interest on minimum wages and liquidated damages." Id. (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 715-16 (1945)).

Accordingly, it is hereby

ORDERED that plaintiff Huy Luong, a/k/a Peter Luong, is entitled to entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against the defendant Peter Wai, d/b/a China Garden.

IT IS FURTHER ORDERED that plaintiff Huy Luong, a/k/a Peter Luong, is entitled to a money judgment against defendant Peter Wai, d/b/a China Garden, for the following amounts:

| | |
|---|---|
| Compensatory Damages | $14,476.64 |
| Liquidated Damages | $14,476.64 |
| Attorneys' Fees & Costs | $ 8,606.64 |
| Total Money Judgment | $37,559.92 |

Dated June 12, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE